Per Curiam.

Wé are of opinion, that the evidence was prima facie sufficient. When parties, appeal to witnesses to attest their acts, they must intend to abide by the testimony arising from that mode of proof; and, regularly,] it is incumbent on them to produce the witnesses themselves, or one of them, if in their power. If the witnesses be dead, their hand-writing is dhe next regular proof, and that must be considered as competent. The proof of their hand-writing appears to have been the ancient practice; and the opinion of Lord Kenyon at nisi prius, in the case of Wallis, v. Delancey, cited on the part of the defendant, is the only [*231]' authority in opposition *to it. The cases in su'ppoit of the rule are numerous. (12 Mod. 607; 12 Yin. 224; Comb. 248; Skin. 269; 1 Ld. Raym. 734; Peake N. P. 100; Esp. Cas. 2, and see 7 Term, 266, in note.) \ Some of them related© absent witnesses, but the principle in all is the same, as to "the point-now under consideration.
The hand-writing of one witness only was proved in the case before us, and it does .not appear that there was any other.(a)
• ■" Judgment for the plaintiff.

 Where ¿'.witness to an instrument becomes incapacitated, proof of his hand-writing is admissible, as in cases of death, Jackson v. Waldron, 13 Wend. 178; Kimhallv. Davis, 19 Wend. 437; Lush v. Druse., 4 id. 313; McPherson v. Rathbone, 11 id. l98; People v. McHenry, 19. id. 482. See Losee v. Losee, 2 Hill, 609; Buckley v. Smith, 2 Esp. 697; Page v. Mann, M. & M. 79; Kay v. Brookman, 3 C. & P. 555, M. & M. 286; Nelson v. Whittall, 1 Barn. & Ad. 19; Adams v. Kerr, 1 B. & P. 360:—blindness, Wood v. Drury, 1 Ld. Raym. 7.34; Peeder v. Page, 1 M. & Rob. 258:—insanity, 12 Vin. Ab. Evidence, 223, (T. b. 48 ;) Burnet v. Taylor, 9 Ves. 381; Currie v. Child, 2 Campb. 283:-infamy, Com. Dig. Testmoigne, (B. 3;) Jones v. Mason, 2 Strange, .833:—absence abroad, Wallis v. Delancey, 7 T. R.2 66, n; Coglan v. Williamson, Doug. 93; Adam v. Kerr, 1 B. & P. 361:—acquiring an interest after the execution of the instrument, Goss v. Tracy, 1 P. Wms. 287; Godfrey v. Norris, 1 Strange, 34; Buckley v. Smith, ut supra; per Best, C. J. in Hovill v. Stephenson, 5 Bing. 493:—being out, of the. jurisdiction of the superior courts, Lush v. Druse,,ut supra; Van Dyne v. Thayre, 19 Wend *277 162; Ward v. Wills, 1 Taunt. 161; Prince v. Blackburn, 2East, 250; Adam. v. Kerr, ut supra; Hodnelt v. Forman, 1 Stark. 90; Jones v. Brewer, 4 Taunt. 46:—or where he cannot be found upon diligent search, and it is a question for the jury to determine whether sufficient search has been made for the witness, Jackson v. Gager, 5 Cowen, 383; Bampton v. Paulin, 4 Bing. 264, 12 Moore, 407; Crosby v. Percy, 1 Taunt. 364, 1 Campb. 303. See Steph. N. P. 1706, et seq. See also the following authorities. “ Sigfried v. Levan, 6 Serg. & Rawle, 311. Miller’s estate, 3 Rawle, 317, 318. Pelle.treau v. Jackson, 11 Wend. 110. McPherson v. Rathbone, id. 96. Lush v. Druse, 4 id. 313. Ingram v. Hall, 1 Hayw. Rep. 207. Somerville v. Sullivan, 1 Call’s Rep. 560, 561. Jackson ex dem. Varick v. Waldron, 13 Wend. 178. Carroll v. Norwood, 1 Harr. & John. 174, 175. Ross v. Gould, 5 Greenl. Rep. 204. Whiltemore v. Brooks, 1 id. 63, note. Sluby v. Champlin, 4 id. 461. Jones v. Brinkley, 1 Hayw. Rep. 20. Jones v. Blount, id 338. Lautermilch v. Kneagy, 3 Serg. & Rawle, 202. Hamilton v. Marsden, 6 Binn. Rep. 45. Smith v. Chamberlain, 2 N. Hamp. Rep. 440. Parker’s ex’rs v. Fassit, 1 Harr. & John. 337. Jackson ex dem. Bond v. Root, 18 John. Rep. 69, 66. Murdock v. Hunter’s rep’s. 1 Brock. Rep. 135. Gilliam’s adm’r v. Perkinson’s admr. 4 Rand. 325. Farnsworth v. Briggs, 6 N. Hamp. Rep. 561. Clark’s lessee v. Courtney, 5 Peters’ Rep. 319. Den v. Van Houten, 5 Halst. 273. Patterson v. Tucker, 4 id. 322. Winn v. Patterson, 9 Peters’ Rep. 674, 675, 676.
“ Before being allowed to prove the instrument by evidence of the witness’ hand-writing, the non-production of all the witnesses, if there be more than one, must be duly accounted for. Jackson ex dem. Edson v. Gager, 5 Cowen’s Rep. 383. Davidson’s lessee v. Bloomer, 1 Dali. Rep. 123. Jackson ex dem. Woodruff v. Cody, 9 Cowen’s Rep. 140. Jackson ex dem. Bond v. Root, 18 John. Rep. 60. Hautz v. Rough, 2 Serg. & Rawle, 349. Whittemore v. Brooks, 1 Greenl. 57, 59. Shepherd v. Goss, 1 Tenn. Rep. 487. 1 Stark. Ev. 328, 6th Am. ed. Jackson ex dem. Bowman v. Christman, 4 Wend. 277. Stump v. Hughes, 5 Hayw. Rep. 93. Jones v. Cooprider, 1 Blackf. Rep. 47, 49, note, (1.) Booker v. Bowles, 2 id. 90.
“ Where all the witnesses to a deed or other instrument are dead, or absent, &c., there being several, proof of the hand-writing of one of them will, prima facie, suffice to allow the instrument to be read. Jackson ex dem. Woodruff v. Cody, 9 Cowen’s Rep. 140. Fitzhugh v. Croghan, 2 J. J. Marsh. Rep. 434. Jackson ex dem. Livingston v. Burton, 11 John. Rep. 64. Dudley v. Sumner, 5 Mass. Rep. 444. Jackson ex dem. Bond v. Root, 18 John. Rep. 60. McFerran v. Powers, 2 Serg. & Rawle, 44. Jackson ex dem. Boyd v. Lewis, 13 John. Rep. 504. 1 Stark. Ev. 328, 6th Am. ed. Jones v. Cooprider, 1 Blackf. Rep. 49, note (1.) Kelley v. Dunlap, 3 Pennsylv. Rep. 136. Hamilton v. McGuire, 2 Serg. &. Rawle. 478. Kingwood v. Bethlehem, 1 Green’s Rep. 226, 227. Coulson v. Walton, 9 Peters’ Rep. 62. Jackson ex dem. Lansing v. Chamberlain, 8 Wend. 620. Otherwise, however, in South Carolina, Sims v. De Craffenreid, 4 McCord, 253; in Kentucky, semble, Robads v. Wolfe, 1 Dana, 155; and Louisiana.” Cowen & Hill’s notes to 1 Phill. Ev. 1299, 1300. Brown v. Kimball, 25 Wend. 259.