NEW-YORK,
May, 1811.

MILLS
v.
TWIST.

————⟶✦⟵————

## MILLS and another *against* TWIST.

THIS was an action of *assumpsit*. The action was founded on a written contract, to the execution of which there were two subscribing witnesses, who were the sons of the defendant.

At the trial, at the *Washington* circuit, in 1809, the plaintiff proved that the defendant lived 16 miles from the county court-house; that one of the witnesses was under age, and lived with the defendant, and the other worked in a shop at a short distance from the defendant's house. On *Monday*, before the trial, the plaintiff went with a *subpœna*, and inquired of the defendant, for

Where the witnesses to a written contract were the sons of the defendant, whoexecutedthe contract, and the plaintiff, the day before thesitting of the circuit, inquired of the defendantfor the witnesses, in order to *subpœna* them, and was falsely told by defendant that they were gone on a journey; thiswas held not to be a sufficient reason for admitting other testimony of the hand-writing; the plaintiff not having used sufficient diligence to procure the witnesses.

NEW-YORK,
May, 1811.

MILLS
v.
TWIST.

his two sons, the witnesses, and the defendant said they had gone, a few days before, on a journey to the westward, and he did not know when they would return. The plaintiff proved, that one of the witnesses was seen at the defendant's house, in the morning of the day he called, or during the evening before; and an officer was employed on *Tuesday*, the next day, to make diligent search for them, in order to serve the *subpœna*, and that the witnesses could not be found. The plaintiffs, who resided in *Connecticut*, then offered other testimony to prove the contract; and also offered parol evidence of the agreement, but this was objected to by the defendant's counsel, and rejected by the judge, and the plaintiffs were nonsuited. A motion was made to set aside the nonsuit, which was submitted to the court without argument.

*Per Curiam.* The proof that the witnesses to the written contract could not be found, was too loose to let in the secondary evidence of proof of their hand-writing. There is no case that has relaxed the rule to this length. The witnesses lived in the same county, and the party never attempted to *subpœna* them until the day before the court. All the proof that the party kept them out of the way, is, that he endeavoured to deceive the person who called, by falsely telling him they had gone on a journey. This would have been a sufficient excuse for not bringing on the trial; and might, perhaps, have been ground for a rule of this court to help the party, if the same deception should be repeated. One of the witnesses did not live with his father, and appears to have been of age, and not under his control. The cases of *Cunliffe* v. *Lefton*, (2 *East*, 183.) and of *Crosby* v. *Percy*, (1 *Taunt*. 364.) are the strongest in favour of a relaxation of the rule; and they do not, by any means, reach this case. The party is bound to show that he has made fair and diligent inquiry, and cannot procure the

witness.   Here was not  timely and  sufficient  diligence used.

The attempt to  prove a parol contract like the one in writing, after failing to prove the latter, was contrary to the settled rules of law,  and  the  motion to set aside the nonsuit must be denied.