JACKSON
v.
BURTON.

JACKSON, *ex dem.* LIVINGSTON AND OTHERS, *against* BURTON.

A deed 44 years old, to which there were *two* witnesses, was allowed to be read in evidence, on proof of the handwriting of one of the subscribing witnesses, and that he was dead, without any proof of the handwriting of the other witness, or that he was dead or absent, or could not be found, or that any inquiry had been made after him; but there were strong circumstances in the case to induce a presumption that he could not be found, or was dead, or beyond sea.

THIS was an action of ejectment. At the trial of the cause, at the *Schoharie* circuit, in *September*, 1812, the plaintiff, in deducing the lessor's title to the premises, being part of lot No. 34. in the second allotment of *Lawyer* and *Zimmer's* patent, offered in evidence a deed, dated the 31st of *December*, 1768, from nine of the patentees, named in the patent, (which was dated the 24th of *December*, 1768, granted to *Lawyer* and thirty-seven other persons,) to *Philip Livingston*, jun. who was described as an attorney at law of the city of *New-York*. To this deed *Alexander M'Cullough* and *James Murray* were the subscribing witnesses.

*John Shaw,* a witness for the plaintiff, testified that he knew *Alexander M'Cullough*, one of the witnesses to the deed, and that he was dead; that he had seen him write, &c. and that the name subscribed to the deed was in his handwriting. The witness further testified, that he had lived in *New-York* before and since the date of the deed, but did not know *James Murray*, nor had he ever made any inquiry after him. It did not appear that possession was taken under and had accompanied the deed.

The defendant objected to the competency of the proof of the deed and its admissibility in evidence; but the judge overruled the objection, and a verdict was found for the plaintiff.

A motion was made to set aside the verdict, and for a new trial; and a case containing the above facts was submitted to the court without argument.

KENT, Ch. J. delivered the opinion of the court. The proof of the deed was, *prima facie,* sufficient. It was a deed of 44 years' standing, and there was proof of the handwriting of one of the subscribing witnesses, and that he was dead. If there be two or more subscribing witnesses to a deed, the calling of one to prove the deed has always been held sufficient; and when the witnesses cannot be produced, there is no fixed rule requiring proof of the hand of *all* the absent witnesses. The only point in the case is, that the absence of *Murray*, the other subscribing witness, was not accounted for; but the presumption

ALBANY,
Jan. 1814.

JACKSON
v.
BENTON.

that he was not to be found, and that he was either dead or beyond sea, was, under the circumstances, very strong, and sufficient to let the proof go to the jury. *Shaw*, the witness produced, had always lived in *New-York*, and did not know such a man as *James Murray*. It may be that this witness, *Shaw*, from his business, as a merchant, was well acquainted generally with the old inhabitants of *New-York*, and the *Murray* family. It is probable, also, that the deed was originally executed in *New-York*, because it was given to *Philip Livingston*, jun. who was described as " an *attorney at law of New-York*." It was a release from nine out of thirty-eight patentees, and from the rule of the colonial government in allowing only a certain number of acres to one patentee, and from the known practice under this rule, it was very probable that most of the patentees resided in *New-York*, from whence all patents issued; and that the witness *Murray* may have been a clerk in some of the offices in that city. And when we consider the effects of the revolutionary war, and the great changes which that event produced in the population of the city, the court ought not to be rigid in requiring, at this day, some further account of *Murray*. The rules and practice of the courts leave this point with some latitude of discretion.

In *Wallis* v. *Delancy*, (7 *Term Rep.* 266. n.) there were two witnesses to a bond of 16 years' standing. The handwriting of one, who was absent, was proved, and Lord *Kenyon* thought that *some evidence* respecting the other absent witness was necessary ; and all that was given was, that there was such a man of that *surname*, a clerk to the other subscribing witness ; but there was no proof of his christian name, or of his handwriting, or whether he was dead or alive, or of any search for him ; yet, as the bond had been executed in *America*, Lord *Kenyon* held the evidence sufficient, saying, " this being the case of a foreign transaction, though, perhaps, the evidence was capable of being more perfect, yet it was sufficient and reasonable evidence to go to the jury, at least, unless it were rebutted by some evidence on the other side." In the case of *Adam* v. *Ker*, (1 *B. & P.* 360.) the bond was executed in the island of *Jamaica*, and attested by two witnesses. One was dead and his handwriting proved ; the other resided abroad, and no evidence was given of his handwriting ; and it was held by the court of C. B. to be unnecessary. These two cases

ALBANY,    go far in support of the competency of the proof in the present
Jan. 1814.    case.

SULLIVAN    The motion on the part of the defendant, to set aside the ver-
v.    dict, is denied.
MORGAN.

Motion denied.