The opinion of the court was delivered by
Duncan, J.
The defendants in error, plaintiffs below, showed a location of 3d April, 1769, and survey in the name of Benjamin Allison, on the land, of 22d June, 1769, and then offered a deed poll purporting to bear date on 8th March, 1773, from Benjamin Armitage to Francis Allison, in consideration of five shillings, This deed was in the common printed form, from one whose name was made use of in the application-to the owner, with a nominal consideration.
There had been no long adverse possession, nor any possesion under the deed. This conveyance purported to be from Benjamin Armitage, of the city of Philadelphia, to Francis Allison, of the same city. It appears to have been acknowledged on the day of execution, before Benjamin Allison, a justice of the peace of Northumberland county. This acknowledgment is void, Benjamin Allison having no authority to receive it, the knd not lying in Northumberland county.
The execution was proved in the following manner; that search Jiad been made for Joshua Seeney, the subscribing witness, in the city and county of Philadelphia, and no trace of him could be found, nor any person who knew his signature, and evidence was given .that the signature, Benjamin Armitage, was the. real signature of *199 Benjamin Jlrmitage.. Qn this evidence it was permitted to go to the jury, and this admission is the material ground taken-to reverse this judgment.
. It is a 'rule of evidence, that if a deed or other instrument of writing is offered in evidence, it must be proved by the subscribing witnesses. The reason is, that the parties have adopted this medium of proof. This reason is not.a very sound one, nor is it conformable to the reality of the transaction. But if' such witnesses cannot be had at the trial, a secondary mode of prodf is allowed; proof of their handwriting; and if that cannot be proved, proof of the handwriting of the grantor is read,' as if the subscribing witness is dead, out of the jurisdiction of the court, or on diligent inquiry he cannot be ¡Bound, nor any one who can prove his handwriting. ,.
Th.e next best evidence, is proof of the handwriting of the grantor, in reason and good sense. As is said by. Judge Yeates, in Clark v. Sanderson, 3 Binn. 196, and Hamilton v. Marsden, 6 Binn. 50, the handwriting of the party to the instrumentis moi’e satisfactory evidence of its execution, that the signature of any witness proved by other witnesses. But courts of justice ought not to disturb settled rules of evidence on their abstract ideas of their reasonableness from time to time; for not only the security of property, but of liberty and life itself, depend on an'adherence to the law of evidence.
This is a very ancient deed, of more than 50 years, where there is a presumption that the witness is dead,, apd if possession had gone with it, it would prove itself, and perhaps there would be no occasion to call the subscribing witnesses,'if they were eyen in full life. Thirty years seems the fixed time, a shorter period, twenty-five, perhaps twenty-one, the period of limitation, might be sufficient, but of this I give no opinion. It is not' the presumption of a fact, which would be for the consideration of the jury rather than the court, but as a general maxim of law, and courts have therefore fixed a limitation beyond which proof of the execution will not be required, leaving-it to the opposite side to dispute the execution by calling the subscribing, witness or any other'witness. 1 Phill. Ev. 407. 3 Johns. 296. Butit is'the accompanying possession which establishes the authenticity of an ancient deed. Healy v. Moule, 5 Serg. & Rawle, 185. This deed does not prove itself. It then must depend upon whether in this ease, there has been reasonable search and inquiry made for Seeney. What is reasonable inquiry? There can be no fixed and settled rule, every case must stand on its own bottom, and this point must be left with some latitute of discretion, 11 Johns. 65.
This case is attended with every circumstance which should operate on the mind of a judge, not to require the very strictest possible inquiry, but tobe satisfied with a reasonable inquiry:'for there has been no possession against the deed, or but a very short one, the conveyance itself is but a formal instrument and not á'reálsaW.' *200 I.t is fifty years old, and the dispute is not with a man having any connection with the title or conveyance : the parties, grantor and grantee, are stated to be of the city of Philadelphia. The first presumption is, that the deed was there executed, and that this was the place of Seeney’s residence, for it is unnatural to suppose that Armitage, who had no interest in the land, receiving nothing for the consideration, should go from Philadelphia tó Northumberland to execute a conveyance to. a citizen of Philadelphia.
There is however 'another , presumption' set up in opposition to this; that is, that the deed purports to •be acknowledged the same day it was executed'before a justice of peace of Northumberland county, and it is to be presumed he took the acknowledgment within his jurisdiction. This is certainly a fair presumption, but it might be that Benjamin Armitage was in Philadelphia: on that day— he is said to be a relation of Francis, and there took the acknowledgment, and it is to be observed, there is no caption as to the place of taking. Now different minds would draw different conclusions from these premises; deciding on these presumptions - is nothing more than weighing of probabilities and deciding by the powers of common sense, on which side the truth-is, ,and I would not set aside a verdict in such case,-’whatever way a jury found the fact, whether it was executed or not in Philadelphia. If the inquiry. had been, confined to Northumberland cóunty, the' objection would have been, this is not the place, the parties did not reside here; if Westmoreland, there would not be much chance of finding the witness there, though the land lay there; it would be quite unreasonable to expect, that inquiry should not only be made in the county of Northumberland, then a vast region with a very sparse population, but should also be extended throughout the whole of Westmoreland, then comprehending, Westmoreland as it now is, all Fayette, Washington, and Greene, anda considerable portion of Allegheny, Armstrong, and Indiana. I do think the city and county- of Philadelphia was the place where the witness was most likely to be found, and I cannot say that this latitudinary discretion of the court was improperly exercised in admitting this deed to go in evidence to the jury. ■
. The objection to the will being evidence, was but faintly urged by the counsel of the plaintiff in error. The will of Francis Allison there described to be of London Grove,, Chester county, did not consequently prove that this testator was not the Francis Allison of the city of Philadelphia, to whom Armitage conveyed. It was matter open for the consideration of the jury when the will was read, and the circumstance of his devisees holding the deed poll, the sole muniment of title was some evidence that they were the same persons.
I am therefore of opinion that the conveyance and the will were properly read in evidence.
Judgment affirmed.