## S. FARNSWORTH, administrator of A. M. Bradbury, *versus* JOEL BRIGGS.

A copy of the record, in the office of the Register of Probate, is the proper evidence to prove the time when letters of administration were granted.

When the attesting witness to an instrument cannot be produced, witnesses must be called to prove his hand writing, and it is not sufficient to prove the hand writing of the party to the instrument without proof of the hand writing of the witness.

ASSUMPSIT on a note, for $36 50, dated, March 20, 1823, made by the defendant, and payable to the intestate, in ten months, with interest.

VOL. VI.      71

The defendant pleaded the general issue and the statute of limitations.

Upon the trial, at November term, 1833, the plaintiff proved that the subscribing witness to the note was out of the state, and then offered evidence of the hand writing of the defendant. It was insisted, on the part of the defendant, that it was necessary to prove the hand writing of the subscribing witness; but the court submitted it to the jury to say, whether the note was genuine upon proof of the defendant's hand writing only.

The suit was commenced on the 10th September, 1833, and in order to show the time, when the plaintiff was appointed administrator, he produced a copy of a record in the probate court as follows—

"Strafford, ss. On the 15th September, 1831, Samuel Farnsworth, of Bridgetown, &c. was duly appointed administrator of the estate of A. M. Bradbury, late of Standish, &c. and gave bond, &c.

Attest,

JAMES BARTLETT, *Register."*

A true copy of record,

J. BARTLETT, *Register.*

To the admission of this copy in evidence, the defendant objected, but it was admitted by the court.

The jury having returned a verdict in favor of the plaintiff the defendant moved the court to grant a new trial upon the foregoing case.

*Wilson & J. Smith,* for the plaintiff.

*Goodall & Woods,* for the defendant.

RICHARDSON, C. J. It is made a question in this case, whether the copy of the record, in the register's office, was competent evidence to prove the time, when administration was granted to the plaintiff. But upon this question there can be no doubt. The decisions of the Probate

Court can be proved only by the record of its proceedings. 3. N. H. Rep, 309, *The Judge of Probate* v. *Briggs.*

And the copy produced, in this case, is not only admissible in evidence, but is the best evidence that could be produced. The letters of administration, which are only a copy of the record in the Probate Court, drawn up in a more formal manner, are certainly no better evidence. 8 East, 187, *Elden* v. *Keddell*; Buller's N. P. 245—246; 1 Levintz, 25, *Garrett* v. *Lister*; 1 Starkie's Ev. 247—249.

The circumstance, that the copy was received as evidence, forms no ground for a new trial.

But it is insisted, that the evidence offered was not sufficient to prove, that the defendant made the note. This objection seems to be well founded. Where there are subscribing witnesses to an instrument they must be called to prove it. If the subscribing witnesses cannot be produced, the invariable practice has been, in this state, and in other places, to prove the hand writing of the witnesses. In some cases proof of the hand writing of him who signed the instrument has also been required. 1 Stark. Ev. 340—344; Greenleaf, 63 note; 8 Pickering, 143, *Russell* v. *Coffin*; 2 Chittty's Rep. 196, *Doe* v. *Johnson*; 1 Moody and Malkin, 79, *Page* v. *Mann*; Ibid 176, *Mitchell* v. *Johnson*; 9 Bingham, 359, *Morgan* v. *Morgan*; 1 B. & P. 360, *Adam* v. *Kers*; 2 East, 250, *Prince* v. *Blackburn*; 11 Mass. Rep. 309.

If no person can be found to prove the hand writing of the witnesses, proof of the hand writing of the maker of the instrument may be sufficient. 3 Binney, 192, *Clark* v. *Sanderson*; 7 D. & E. 265; 5 ditto, 371.

When it has been shown, that the subscribing witnesses are dead, proof of their hand writing, is, in general, sufficient.

But, when they cannot be produced, because they are in a foreign country, or rendered incompetent by reason of a crime, or of an interest in the event of the cause, it is necessary to prove the hand writing of the party to

Farnsworth
v.
Briggs.

the instrument as well as of the subscribing witnesses. Peake's Ev. 70. 1 Starkie's Ev. 340.

And where a party to an instrument, subsequently to its execution, communicated to the subscribing witness an interest, it was held not to be competent to such party to prove the hand writing of such witness. 5 Bingham, 493, *Hovill* v. *Stephenson*.

PARKER, J. The rule, that when the testimony of the subscribing witness cannot be had the proper proof of its execution is by giving evidence of his hand writing, and that evidence of the hand writing of the obligor or maker, or of his admission of the signature, is insufficient, seems to have been repeatedly sanctioned. There are numerous cases, besides those cited by the Chief Justice, in which it has been established or recognized. 1 Johns. Cas. 230, *Mott* v. *Doughty*; 4 Johns. Rep. 467, *Sluby* v. *Champlin*; 5 Cranch, 13, *Cooke* v. *Woodrow*; 5 Peters' S. C. Rep. 319, 344, *Lessee of Clark* v. *Courtney*; 6 ditto, 616, *Crane* v. *Lessee of Morris*; 3 Camp. 283, *Currie* v. *Child*; 1 Esp. N. P. C. 2, *Cooper* v. *Marsden*; 2 East, 183, *Cunliff* v. *Sefton*; 1 Taunt. 364, *Crosby* v. *Percy*; 8 Johns. 121 (94 2d ed.) *Mills* v. *Twist*; 11 Johns. 64, *Jackson* v. *Burton*; 5 Cowen, 385, *Jackson* v. *Gager*; 9 Cowen, 140, 4 Wendell, 278, *Jackson* v. *Christman*; 2 Dall. 116, *Douglass' Lessee* v. *Sanderson*.*

Courts, which have administered the rule as thus laid down, however, have not always been satisfied of its propriety. 3 Binney, 196, *Clark* v. *Sanderson*; 6 ditto, 45, *Lessee of Hamilton* v. *Marsden*; 1 Barn. & Ald, 19, *Nelson* v. *Whittall*; 5 Peters, 344. And it seems to me, that, in no one of the cases has any sufficient reason been given to justify it, upon principle.

Starkie 1 Ev. 330, says, "the law requires the testimony of the subscribing witness because the parties themselves, by selecting him as the witness, have mutu-

---

* 11 Wendell, 99, *Mc Pherson* v. *Rathbone*; ditto 110, 123, *Pelletreau* v. *Jackson*.

ally agreed to rest upon his testimony in proof of the ex- <span>Farnsworth</span>
ecution of the instrument, and of the circumstances which <span>v.</span>
then took place, and because he knows those facts which <span>Briggs.</span>
are probably unknown to others."

But in *Hall* v. *Phelps*, 2 Johns. 451, Mr. Justice Spencer
says, "the notion that the persons who attest an instru-
ment are agreed upon to be the only witnesses to prove
it, is not conformable to the truth of transactions of this
kind, and to speak with all possible delicacy, is an ab-
surdity."

The reason given by Mr. Justice Le Blanc, in *Call* v.
*Dunning*, 4 East, 54, " that a fact may be known to the
subscribing witness not within the knowledge or recollec-
tion of the obligor," will certainly not bear examination.

The true reason is stated in several cases. The testi-
mony of the subscribing witness is the best evidence the
nature of the case admits of, and the law requires the
best evidence.

It is well known, that, in point of fact, there is often
no agreement of the parties who shall subscribe. Any
one present, or who is requested by either party, wit-
nesses the instrument. Nor is he *called* as a witness to
to prove the circumstances which took place, or "facts
which are probably unknown to others" farther than the
fact of execution. He may be examined to any such facts
and circumstances, by either party, if he has knowledge
of any, but he is called to prove the execution of the in-
strument. That is the matter to be proved, and if his
testimony establishes this, it admits the instrument in
evidence, if he has no knowledge of any other facts or
circumstances. As he must, or ought to have seen, the
party sign, or at least have heard him acknowledge his
signature, and as he may have knowledge of attendant
circumstances, his is the best evidence, and of course to
be produced if to be had.

If not to be had, the law allows a resort to the next
best evidence. Next best evidence of what ? Of course, of
that matter to which the subscribing witness must have

Farnsworth
v.
Briggs.

been called to testify, if his evidence could have been procured—that is, the execution of the instrument by the party.

The material evidence which the subscribing witness must have given, if examined, would have been, not merely that he signed as a witness, but that the party executed the instrument. The secondary evidence should be to the same point.

The position, that the signature of an attesting witness, when proved, is evidence of every thing upon the face of the instrument, (1 Stark. Ev. 340 ; 1 Phil. Ev. 362) is a fallacy, for instances have occurred where signatures have been put as signatures of subscribing witnesses, without such knowledge on the part of the individuals, so subscribing, as would establish the signature of the party. 2 Camp. 635, *Fitzgerald* v. *Elsee*, and *Lemon* v. *Dean*, in note ; Peake's N. P. C. 146, *Grellier* v. *Neale* ; 3 Esp. 173, *Ley* v. *Ballard*, in note.

If the subscribing witness "denies the deed," other witnesses may be called to prove it. Doug. 216.

If the witness, who attests, could not have given evidence at the time of attestation, from ignorance of the facts, interest, infamy, or other cause, the proper course is to give evidence of the hand writing of the party, not of the witness. 1 Phil. Ev. 363.

So if no person can be found to prove the hand writing of the witness, evidence of the signature of the party is admitted. 3 Binn. 192 ; 1 Phil. Ev. 364.

The proof of the hand writing of the witness, is, at best, but indirect evidence of the signature of the party, and thus, it seems, that courts have refused to receive, in the first instance, direct evidence of the material fact, but take it on a failure to make out the indirect evidence.

The expediency, however, of attempting to establish a rule differing from such numerous decisions, may admit of doubt, and I therefore concur in the opinion, that when the testimony of the subscribing witness cannot be

had, evidence of his hand writing is next to be given; solely, however, upon the weight of authority, and with this qualification, that evidence of the hand writing of the witness alone can have no greater effect than that of mere formal proof, upon which to introduce the instrument in evidence, and that the slightest evidence against the genuineness of the signature of the witness, or party, must compel the party introducing the instrument to prove also the hand writing of the maker, or obligor.

Justice requires that no greater effect should be given to the mere proof of the hand writing of the witness, and perhaps it may be best to require, in all cases, proof of the hand writing of the party and witness, unless it is shown that the testimony cannot be had. This has been held to be the regular evidence in some instances. 7 D. & E. 266, *Wallis* v. *Delancey*, in note; 1 Bay. 255, *Oliphant* v. *Taggart*. Such proof must be required, where, by law, attesting witnesses are necessary to the validity of the instrument. 1 Phil. Ev. 383; 2 Bay. 187, *Hopkins* v. *De Graffenreid*; 5 Cowen, 221, *Jackson* v. *Luquere*; 3 Burr. 1247, *Wright* v. *Clymer*; 11 Mass. Rep. 311, *Homer* v. *Wallis*.

*New trial granted*