JESSE ARMSTRONG, Adsm. DEN EX DEM. JACOB GLOVER.

Where the instrumental witnesses are dead, or out of the State, it is competent to prove that the signatures of their names, are in their respective hand writing.

This was an action of ejectment, and a verdict rendered in favor of the plaintiff. On the return of the *postea,* a rule to show cause why the verdict should not be set aside, and a new trial had, was granted.

*J. B. Harrison,* for the plaintiff.

*Armstrong,* for the defendant.

The opinion of the court was delivered by

FORD, J. The defendant moves to set aside a verdict that has been obtained by the plaintiff in ejectment, because the execution of a certain mortgage, and of an assignment thereon, under which the plaintiff claimed title, were not duly proved on the trial, and because the mortgage itself was obtained from the defendant, by duress of imprisonment.

1st, It appeared that both of the instrumental witnesses to the execution of the mortgage, were dead. The plaintiff proved that the signatures of their names, were in their respective hand writing. The signature of the defendant, who was the mortgagor, was impossible to be proved, for he made his mark.

2d, It appears that the subscribing witness to the assignment, resides in Pennsylvania, and the plaintiff proved his hand writing. He then proved the hand writing of William Newbern, the assignor. It was objected that the plaintiff ought to call William Newbern himself, who was present in court, and knew his own hand writing more certainly than any stranger could be supposed to know it. This objection cannot be maintained, for many reasons. The instrument which he has assigned, was challenged on the trial, as having been obtained by him, by duress of imprisonment, and he might be liable as assignor, upon an implied warranty of the validity of the instrument. Whether liable or not, was left undecided in 1 *Pen. Rep.* 30, and perhaps has never been settled in this state. Moreover, the defendant himself called the assignor at a

Armstrong, Adsm. of Glover.

subsequent stage in the trial, by whom the assignment was fully proved, and it would be in vain to grant a new trial, merely to have an undisputed fact, proved over again. Finally there was no necessity to prove the hand writing of the assignor, for the hand writing of the attesting witness, was competent evidence of the assignment, without any thing more. It was indeed once held at *nisi prius*, in the case of *Wallace* v. *Delancy*, 7 *T. R.* 266, *note*, that where an instrumental witness is dead, it is necessary beside proof of his hand writing, to prove that of the obligor also ; but it has been frequently ruled since that time, that the latter proof is unnecessary. *Cunliff* v. *Sefton*, 2 *East*, 183 ; *Prince* v. *Blackburn*, 2 *East*, 250 ; *Adam* v. *Roe*, 1 *Bos. and Pul.* 360 ; *Mott* v. *Doughty*, 1 *Johns. Cas.* 230. Hence it appears that both the mortgage and the assignment of it, were sufficiently proved, to be left to the jury.

3d. It was alleged that the mortgagee obtained the instrument, by duress of imprisonment. An execution against the defendant had been delivered to him as Constable, to be executed, and he had paid it off to the creditor, with his own money, whereby it had become in law, a satisfied execution ; and he could not have enforced it against the defendant. But the defendant had a right to reimburse this money to the Constable, and he actually gave him the bond and mortgage in question, for the purpose of doing so. Being given for a just debt, they will certainly bind him, if he entered into them freely. The defendant being a prisoner in gaol, it is true that the Constable improperly turned this execution into the hands of the gaoler, against him ; but it appears that he was let out of custody, before he executed the bond or mortgage, and the jury having the point of duress fully before them, have negatived it, by their verdict for the plaintiff. The rule to show cause must be discharged.

*Rule discharged.*