Dewey, J.
The deed, upon which the plaintiff relied in aid of his title, purported to be attested by two witnesses. Although a deed is valid in Massachusetts without any attesting witness, yet when thus attested, the rules of law require that the deed be proved by the subscribing witnesses, or some one of them, unless the party shows a legal excuse for not producing such evidence. If the witnesses are out of the commonwealth, and thus beyond the control of the court, the party may properly resort to other evidence to prove the execution of the deed.
The party here introduced evidence tending-to show that both the witnesses, at the time of attesting the execution of the deed, resided in the state of Vermont, and, as the report states, proved the fact to the satisfaction of the presiding judge, and that Charles Scott, one of them, still continued to reside there; and, as to the other witness, Charles Goss, it is stated there was no further evidence; whereupon the plaintiff, having been allowed to prove the handwriting of said Charles Goss, further offered to prove the handwriting of Harvey Stone, the grantor in the deed, but the court rejected this evidence, and ruled that the deed could not be read to the jury. It is difficult to ascertain with certainty the precise ground which influenced the court in excluding the proposed prooí of the handwriting of the party, and refusing to permit the deed to be read to the jury. Had the presiding judge decided that the plaintiff had not shown both the witnesses to be out of the commonwealth, and therefore excluded all secondary *412 evidence, that would of course have excluded the further evidence offered, and left the case without proof of the execution sufficient to authorize it to be read to the jury. But it seems impossible to consider the matter in that light, because the court admitted secondary evidence as to the handwriting of Charles Stone, which could only have been admissible upon the hypothesis that the absence of both the attesting witnesses was accounted for, inasmuch as if either was within the process of the court, he must be called before any secondary could be introduced.
Again; in looking at the evidence, we must suppose the court found that both the attesting witnesses were resident without the state. Both were so at the time of the execution of the deed, and no evidence given that there had been any change of domicil by either.
We assume, therefore, that the case was one properly requiring the admission of secondary evidence. Such being the case, the only further inquiry is, what amount of secondary evidence is required ? Is it proof of the handwriting of all the subscribing witnesses, if there be more than one ? If the witnesses were within the commonwealth, proof of the execution by one of them would entitle the party to read his deed to the jury, and the like rule applies as to the handwriting where both are shown to be out of the jurisdiction of the court. In ordinary cases, where the mere formal execution is the subject of inquiry, it is quite sufficient to produce one of several subscribing witnesses; and if the secondary evidence is admissible, it is sufficient to prove the handwriting of one of the attesting witnesses, it being always necessary, if there be more than one attesting witness, that the absence of them all should be satisfactorily accounted for, in order to let in the secondary evidence. 1 Greenl. Ev. §§ 574, 575; Cunliffe v. Sefton, 2 East, 183; Adam v. Kerr, 1 Bos. & Pul. 360; Jackson v. Burton, 11 Johns. 64; Dudley v. Sumner, 5 Mass. 438.
We perceive no reason, assuming that a proper case foi any secondary evidence was shown, why the proof of the handwriting of one witness to the deed was not quite sufficient to *413 authorize reading the deed to the jury. The authorities cited by the counsel for the defendant* do not contravene this, but only decide that all the subscribing witnesses must be shown to be out of the reach of process, before proof of the handwriting of any one can be given.
But the plaintiff here not only offered proof of the handwriting of one of the subscribing witnesses, but also, as secondary evidence, offered proof of the handwriting of the grantor. Under our practice, this species of secondary evidence is competent when the attesting witnesses áre not within the jurisdiction of the court. Valentine v. Piper, 22 Pick. 85. It was said by this court in that case, that this species of proof is more direct and satisfactory than that of the handwriting of the witnesses, and that a cause being shown for the admission of secondary evidence, it is competent, in the first instance, to offer proof of the handwriting of the party executing the deed.
The ruling of the court of common pleas upon this point was therefore erroneous, and for this cause a new trial must be had.

 These authorities were, Russell v. Coffin, 8 Pick. 150; 1 Greenl. Ev. §§ 569; 572; 1 Stark. Ev. (3d Amer. ed.) 338, 339, 342, note, and cases cited.