## COOKE AND OTHERS v. WOODROW.

**ERROR** to the circuit court of the distri ' of
Columbia, in an action of trover brought by the
plaintiffs in error for sundry household goods.

*In an action of trover, if the judgment below be in favour of the original defendant, the value of the matter in dispute upon the writ of error in the supreme court of the United States, is the sum claimed as damages in the declaration.*

*Due diligence must be used to obtain the testimony of the subscribing witness.*

A bill of exceptions stated that the plaintiffs on
the trial produced in evidence to support their title
to the goods, a certain paper writing signed by one
John Withers, to which one John Pierson had sub-
scribed his name as, a witness, and offered parol
evidence to prove that the subscribing witness " had
upwards of a year ago left the district of Columbia,
and that before he left the said district he declared
that he should go to the northward, that is to say,
to Philadelphia or New-York, and said he had a
wife in New-York. That the said subscribing wit-
ness went from the said district to Norfolk, and that
when he got there he declared that he should go on
further to the south, but where was not known, and
that he has not been heard of by the witness for the
last twelve months. It appeared that a subpœna had
been issued in this case, for the said subscribing
witness, directed to the marshal of the district of
Columbia, but he could not be found in the said dis-
trict by the said marshal. The plaintiff then offer-
ed to prove the hand-writing of the subscribing wit-
ness and of the said John Withers to the said wri-
ting, but the court refused to permit the plaintiffs
to produce evidence of the hand-writing of the
said subscribing witness, and refused to permit the
plaintiffs to prove the hand-writing of the said John
Withers, otherwise than by the testimony of the said

*If inquiry be made at the place where the witness was last heard of, and he cannot be found, evidence of his hand writing may be admitted.*

subscribing witness; to which refusal the plaintiffs excepted."

*C. Simms*, for the plaintiffs in error, suggested that this court must be satisfied by evidence (other than the declaration) that the sum in demand exceeded 100 dollars, exclusive of costs; and cited the rule made in the case of *Course* v. *Stead's Executors*, *ante*, vol. 1. p. 17.

But MARSHALL, Ch. J. said, that that rule applied only to. cases where the *property itself* (and not damages) was the matter in dispute—such as actions of *detinue*, &c.

If the judgment below be for the plaintiff, that judgment ascertains the value of the matter in dispute; but where the judgment below is rendered for the defendant, this court has not, by any rule or practice, fixed the mode of ascertaining that value.

The point arising upon the bill of exceptions was submitted without argument.

MARSHALL, Ch. J. after stating the case as it appeared in the bill of exceptions, observed.

That the court had some difficulty upon the point. The general rule of evidence is, that the best evidence must be produced which the nature of the case admits, and which is in the power of the party. In consequence of that rule, the testimony of the subscribing witness must be had if possible. But if it appear that the testimony of the subscribing witness cannot be had, the next best evidence is proof of his hand-writing. In the present case it does not appear to the court that the testimony of the subscribing witness could not have been obtained if proper diligence had been used for that purpose. It does not appear that the witness had ever left Norfolk. It is not stated that any inquiry concerning him had been made there. If such inquiry had been made, and he could not be found, evidence of his hand-writing might have been permitted. But

as the case appears in the bill of exceptions, the court below has not erred.

Judgment affirmed with costs.