### WHITTEMORE *v.* BROOKS.

An execution had been extended on land as the estate of *George Whittemore,* and in an action to recover possession of the land against the judgment creditor, the tenant, to shew an intermediate conveyance from the demandant to the judgment debtor, proved the existence of a deed of the land, seen by a witness in the possession of the debtor, but not registered; and also proved the signature of the demandant as grantor in the deed, and of one of the subscribing witnesses, who was also the magistrate before whom the deed was acknowledged, but who, being interested, could not be examined as a witness :—but this was held insufficient, without proof of diligent inquiry after the other subscribing witness.

*Entry sur disseizin* for a lot of land in *Portland,* in which the demandant counts upon his own seizin within thirty years, and on a disseizin by the tenant. Plea, *nul disseizin* and issue thereon. At the trial of this action the demandant, to support the issue on his part, read to the jury a deed of the demanded premises from one *George Whittemore* to him, dated *December* 21, 1812, which was duly registered. The tenant then read in evidence a judgment and execution in his own favour against *George Whittemore* which was extended on the same land *December* 29, 1818, as the estate of said *George.* And to prove the land to be the property of *George,* the tenant called *Mr. Neal,* who testified that in *April* or *May* 1815, *George,* being in embarrassed circumstances, applied to him to effect a settlement with

his creditors, and in the course of the conversation shewed him a roll of deeds, among which was one from the demandant to said *George*, of the land in question. *Mr. Neal* could not name the subscribing witnesses to this deed, until his recollection was refreshed by a recurrence to certain other deeds on record. He then testified that it was acknowledged before *Thomas Webster*, *Esq.* and attested by him and *William A. Simonton*, as subscribing witnesses; and that he knew the hand-writing of *Mr. Webster* and of *Nathaniel Whittemore*, the grantor, which he saw on the deed. *Mr. Webster* being proved to be interested in the suit, his testimony was not admitted. The counsel for the tenant being then required to produce *Simonton* the other subscribing witness, it was suggested that he was absent at sea; and *Mr. Neal* testified that he was in town some months since, and was under the control, or lived in the house, with said *George*, but where he was *then* he did not know.

The Judge instructed the jury that this evidence was sufficient to prove the existence and execution of the deed from the demandant to *George Whittemore*; and they thereupon returned a verdict for the tenant, which the demandant moved the Court to set aside, for the misdirection of the Judge.

*Longfellow* for the demandant.

*Emery* and *Greenleaf* for the tenant.

MELLEN C. J. A motion is made to set aside the verdict which has been returned for the tenant, on the ground that improper evidence was admitted on the trial of the cause, to prove the execution of a deed from the demandant to *George Whittemore*, under whom the tenant claims the demanded premises in virtue of the extent of his execution on the same, as the property of the said *George Whittemore*.

It appears from the report that an instrument purporting to be a deed of the premises from the demandant to *George Whittemore* was, in *April* or *May* 1815, seen by the witness *Neal*, in the possession of *George*;—that it appeared to have been signed and sealed by the demandant, and witnessed by *Thomas Webster* and *William A. Simonton*;—and that the names of *Nathaniel Whittemore* as grantor, and *Thomas Webster* as witness, were in their hand-writing respectively. *Mr. Webster*, being proved to

Whittemore *v.* Brooks.

be interested in the cause, could not be, and was not, admitted as a witness. *Simonton* was not produced; nor was the deed present; nor any reasons assigned for their absence, except what are stated in the report. Upon this evidence the Judge considered the deed or instrument as sufficiently proved for the consideration of the jury.

The question before us is, whether, in such circumstances, the deed was properly submitted to the jury as a legal conveyance of the premises to *George Whittemore*, or as a proper subject for their consideration.

The *best* evidence, to prove the execution of the deed would have been the testimony of *Simonton ;*—and the law requires the party to produce the best evidence in his power. The single inquiry, then, is whether the facts stated in the report shew that *secondary* evidence was the best in the power of the tenant to produce ; or, in other words, whether it was shewn that due diligence had been used to procure the attendance of *Simonton* as a witness, or his deposition, and that he could not be found.

On this point the proof is nothing more than this ;—that at the time of the trial the *tenant's counsel* stated that he *believed Simonton* was *at sea ;* and *Neal* testified that some months before he was in town, under the control, or power, or lived in the house with *George Whittemore ;* but *he* did not know where he was then.

It does not appear that any summons was taken out for him ; nor that any inquiries were made after him at the house of *George Whittemore*, or any where else; and nothing is stated shewing that *Simonton* was not then in town, and had not been, from the time that *Neal* last knew him to have been there. Comparing *these facts* with those on which questions of this nature have been decided in *other* causes, we are satisfied that the *secondary* kind of evidence was improperly admitted and allowed as competent to prove the execution of the deed.

In *Phillips' Law of Evidence* 362, it is stated that if *none* of the subscribing witnesses can be examined, on account of their interest, acquired *after* the execution of the deed, proof of the *attesting witnesses'* hand-writing is sufficient proof of execution. In the case at bar only *one* of the subscribing witnesses is so interested ; and therefore it is not within *that* principle. So,

where the witness cannot be found, *after strict and diligent inquiry.* 12 *Mod.* 607. 7 *D. & E.* 266. 2 *East.* 183. 1 *Taunt.* 365. 2 *Taunt.* 223. 2 *Campb.* 282.

So if, after *diligent inquiry*, nothing can be heard of the subscribing witness, so that he can neither be produced himself, nor his *hand-writing* proved, the execution of the deed may be proved by proving the hand-writing *of the party.* The facts in the case before us do not bring it within this principle. *Phillips' Evid.* 363. 364. *and cases there cited.*

In *Cunliffe v. Sefton,* 2 *East.* 183. proof that inquiry was made at the house of the obligor and obligee, without being able to obtain intelligence of such a person as the witness, was held sufficient.

In *Crosby v. Piercy,* 1 *Taunt.* 365. proof that diligent inquiry had been made at the usual residence of the witness, and an answer that he had absconded to avoid his creditors, and could not be found, was held sufficient to authorize the admission of secondary proof.

In *Wardell v. Fermor,* 2 *Camp.* 282. proof of a commission of bankruptcy against the witness, and that he had not surrendered, though the commission had issued twelve months before, was held sufficient.

In *Mills v. Twist,* 2 *Johns.* 121. the plaintiff, the day before the sitting of the Court, called on the defendant, and inquired after his sons who were the subscribing witnesses, and was falsely told by him that they were gone on a journey ; and this was held insufficient to justify the admission of the secondary proof; due diligence not having been used.

In *Cook v. Woodrow,* 5 *Cranch* 13. the witness, a year before, had left the District of *Columbia,* declaring he should go to *Philadelphia ;*—he went from the District to *Norfolk,* and said he should go farther south ;—he had not been heard of for twelve months ;—a subpœna had been issued and given to the Marshall who could not find him in the District. The Court said it did not appear that the witness could not have been produced if proper diligence had been used, no inquiry having been made for him at *Norfolk ;*—perhaps the witness was then there. Secondary evidence was therefore properly excluded.

The counsel for the tenant have observed that they could

not be prepared to prove the execution of the deed, as they did not know who the subscribing witnesses were, in season to produce them. The answer to this objection is, that they knew *at the trial*, and could have moved for an opportunity to produce them. This objection does not *now* exist.

But there is another objection to the verdict. It does not appear when the deed in question was made ;—whether *before* or *after* the deed from *George Whittemore* to the demandant, which is dated *December* 21, 1812. It might have been before that time ; and if so, no title would have existed in *George Whittemore* at the time of extending the tenant's execution, even if the deed had been proved in the most satisfactory manner.

*Verdict set aside, and a new trial granted.*

*Note.* The objection arising from the absence of a subscribing witness, was termed by *Lord Mansfield,* "a captious objection" ;—*Abbot v. Plumbe, Doug.* 216. but he said that the rule requiring his testimony was " a *technical rule,* and cannot be dispensed with, unless it appear that his attendance could not be procured."

The rule seems originally to have been founded in the notion that the subscribing witnesses are *agreed on* between the parties to be the only witnesses to prove the instrument ;—*Barnes v. Trompowsky,* 7 *D. & E.* 262.—a notion which *Spencer J.* in *Hall v. Phelps,* 2 *Johns.* 451. says ," is, to speak with all possible delicacy, an absurdity."

Afterwards the rule was placed on the ground that the *best evidence* should be required. Hence very strict proof was demanded of diligent search after the witness, or proof of his death, &c. before the admission of secondary proof. *Coghlan v. Williamson, Doug.* 93. *Cunliffe v. Sefton,* 2 *East,* 183. *&c. Cooke v. Woodrow,* 5 *Cranch* 13.

But of late the Courts have considered the objection arising from the absence of the subscribing witness, unaccompanied with any suggestions of fraud, as entitled to much less regard than formerly. In *Jackson v. Burton,* 11 *Johns.* 64. *Kent C. J.* observes that "the rules and practice of the Court leave this point with some latitude of discretion." And *Sir James Mansfield,* after adverting to the difficulty of laying down as a general rule *what* shall be deemed sufficient inquiry for a subscribing witness before letting in proof *aliunde,* refers the rule to the ground of *public convenience,* observing that more inconvenience results from excluding, than from admitting the secondary evidence. *Crosby v. Piercy,* 1. *Taunt.* 366.

The following cases of admission of secondary proof, including those set down by *Mr. Day* in his note to *Call v. Dunning,* 5 *Esp.* 17. are all which have fallen under the writer's observation, and may not be unacceptable to the reader.

1. Where the witness was dead ; or presumed to be so. *Anon.* 12 *Mod.* 607.

Whittemore *v.* Brooks.

*Barnes v. Trompowsky,* 7 *D. & E.* 265. *Adam v. Kerr,* 1 *B. & P.* 360. Banks *v. Farquarson,* 1 *Dick.* 167. *Mott v. Doughty,* 1 *Johns. Ca.* 230. *Dudley v. Sumner,* 5 *Mass.* 463.

2. Where he is made executor to one of the parties, or otherwise subsequently incapacitated. Case cited in *Goss v. Tracy,* 1 *P. Wms.* 289. *Godfrey v. Norris,* 1 *Stra.* 34. *Davison v. Bloomer,* 1 *Dal.* 123. *Bulkeley v. Smith,* 2 *Esp.* 697. *Cunliffe v. Sefton,* 2 *East.* 183. *Burrett v. Taylor,* 9 *Ves. jr.* 381. *Hamilton v. Marsden,* 6 *Bin.* 45. *Hamilton v. Williams* 1 *Hayw.* 139.

3. Where he was interested at the time of signing, and continues so. *Swire v. Bell,* 5 *D. & E.* 371.

4. Where he is become blind. *Wood v. Drury,* 1 *Ld. Raym.* 734.

5. Where he has been convicted of an infamous crime. *Jones v. Mason,* 2 *Stra.* 833.

6. Where he is resident beyond sea. *Anon.* 12 *Mod.* 607. *Barnes v Trompowsky,* 7 *D. & E.* 266. *Wallis v. Delancey, ib. cit.*

7. Where he is out of the jurisdiction of the Court. *Holmes v. Pontin, Peake's Ca.* 99. *Banks v. Farquarson,* 1 *Dick* 167. *Cooper v. Marsden,* 1 *Esp.* 1. *Prince v. Blackburn,* 2 *East.* 250. *Sluby v. Champlin,* 4 *Johns.* 461. *Dudley v. Sumner,* 5 *Mass.* 444. *Homer v. Wallis,* 11 *Mass.* 309. *Cooke v. Woodrow,* 5 *Cranch* 13. *Baker v. Blunt,* 2 *Hayw.* 404.

8. Where he is not to be found, after diligent inquiry. *Coghlan v. Williamson, Doug.* 93. *Cunliffe v. Sefton,* 2 *East.* 183. *Call v. Dunning,* 5 *Esp.* 16. 4 *East.* 53. *Crosby v. Piercy,* 1 *Taunt.* 364. *Jones v. Brinkley,* 1 *Hayw.* 20. *Anon.* 12 *Mod.* 607. *Wardell v. Fermor,* 2 *Campb.* 282. *Jackson v. Burton,* 11 *Johns.* 64. *Mills v. Twist,* 8 *Johns.* 121. *Parker v. Haskins,* 2 *Taunt.* 223.

9. Where a fictitious name has been put by the party who made the deed. *Fassett v. Brown, Peake's Ca.* 23.

10. Where the deed comes out of the hands of the adverse party, after notice to produce it. *Rex v. Middlezoy,* 2 *D. & E.* 41. and cases there cited. *Bowles v. Langworthy,* 5 *D. & E.* 366.

11. Where the adverse party, pending the cause, agrees to admit the execution of the instrument at the trial. *Lang v. Raine,* 2 *B. & P.* 85.

12. Where, being called, the witness denies having seen it executed. Case cited by *Ld. Mansfield* in *Abbot v. Plumbe, Doug.* 216. *Lesher v. Levan,* 2 *Dal.* 96. *Ley v. Ballard,* 3 *Esp.* 173. *n. Powell v. Blackett,* 1 *Esp.* 97. *Park v. Mears,* 3 *Esp.* 171. *Fitzgerald v. Elsee,* 2 *Camp.* 635. *Burton v. Toon, Skin.* 639. *McCraw v. Gentry,* 3 *Campb.* 232.

13. Where, the instrument being lost, the parties could not know who the witnesses were. *Keeling v. Ball, Peake's Ev. app.* lxxviii.

14. Where the witness was incapacitated at the time of signing, being the wife of the obligor. *Nelius v. Brickell,* 1 *Hayw.* 19.

In the English Courts, confessions of the party that he made the deed, are not admitted in evidence, until a foundation is first laid by proving diligent inquiry after the subscribing witnesses. *Johnson v. Mason,* 1 *Esp.* 89. *Abbot v. Plumbe, Doug.* 216. *Barnes v. Trompowsky,* 7 *D. & E.* 267. *Manners v. Postan,* 4 *Esp.* 239. *Breton v. Cope, Peake's Ca.* 30. *Call v. Dunning,* 5 *Esp.* 16. *Lang v. Raine,* 2 *B. & P.* 85.

But this doctrine is denied in *New-York;* where it is held that the confes-

Whittemore *v.* Brooks.

sion of the party, precisely identified, is as high proof as that which is derived from a subscribing witness. *Hall v. Phelps*, 2 *Johns.* 451. This rule, however, is not admitted to apply to a deed not acknowledged, nor agreed to be admitted in evidence, but denied by the plea of *non est factum*. *Fox v. Reil*, 3 *Johns.* 477.

It is observable that in nearly all the cases on this subject, the instrument to be proved was the foundation of the suit, and its genuineness put in issue by the pleadings;—or it was a deed duly registered, so that all persons might know who were the witnesses.

If the subscribing witnesses cannot be produced, the course generally has been to admit the instrument to go in evidence, after proving *their* hand-writing. *Webb v. St. Lawrence*, 3 *Bro. Parl. Ca.* 640. *Mott v. Doughty*, 1 *Johns. Ca.* 230. *Sluby v. Champlin*, 4 *Johns.* 461. *Adams v. Kerr*, 1 *Bos. & Pul.* 360. *Cunliffe v. Sefton*, 2 *East.* 183. *Prince v. Blackburn*, 2 *East* 250. *Jones v. Brinkley*, 1 *Hayw.* 20. *Jones v. Blount*, 1 *Hayw.* 238. *Douglas v. Saunderson*, 2 *Dall.* 116. *Cooke v. Woodrow*, 5 *Cranch* 13.

But several cases occur in which, in addition to the signatures of the witnesses, Courts have required proof of the hand-writing of the *party*. *Wallis v. Delancy*, cited in 7 *D. & E.* 266. *Hopkins v. De Graffenreid*, 2 *Bay* 187. *Oliphant v. Taggart*, 1 *Bay* 255. *Irving v. Irving*, 2 *Hayw.* 27. *Clark v. Saunderson*, 3 *Bin.* 192.

The plaintiff has been admitted a good witness to prove the death of a subscribing witness, in order to let in the evidence of his hand-writing. *Douglas v. Saunderson*, 2 *Dall.* 116. cites 1 *Bl. Rep.* 532. *Godb.* 193. 326. *Show.* 363.