Mr. Chief Justice Marshall
delivered the opinion of the Court.
This is a writ of error to a judgment, in the Circuit Court of the United States for the county of Washington, in the District of, Columbia, rendered for the sum of 591 dollars. The writ was dismissed in the early part of the term, for want of jurisdiction, the judgment being for less than 1000' dollars. The plaintiff, in error now moves to'reinstate the cause, alleging that the damages laid in the-declaration; not the amount of the judgment, is the matter in controversy between the parties.
- The property of the plaintiff in error had been seized for rent, upon which she sued out a.writ of replevin, and laid her da-mages in.the declaration at 1000 dollars. The defendant in error acknowledged the taking charged in the declaration, and justified it as a distress for the sum of 591 dollars, due for rent in arrear. The judgment of the-Court was in favour of the avowant, for the amount of the rent'claimed.
*528 The plaintiff in error contends, that her suit was not merely for restitution of the property taken, but also for damages, and that, in such a case, the value of the matter m dispute is the sum laid in the declaration.
Her counsel relied on the case of Hulscamp v. Teel, (2 Dallas, 358.) and on Cook v. Woodrow, (5 Cranch, 13.) to show that, in actions sounding in damages, the sum laid in the declaration is the standard of Value. The case in Dallas, was. an action of trespass, and that in Cranch, an action of trover. We think this case stands on different principles from either of those. In a writ of re-plevin, the real matter in controversy is the sum claimed as rent, or the property replevied. If the ' replevin be, as in this case, of property distrained for rent, the amount for which avowry is made is the real matter in dispute. The damages are merely nominal. If the writ be issued as a means of trying the title to property, it is in the nature of detinue, and the value of the article replevied is the matter in dispute. In this case, the judgment against the plaintiff in error being for less than 1000 dollars, this Court has no jurisdiction, and the motion to replace the cause on the docket must be overruled.
Motion denied.