UTICA,
Aug. 1826.

Wilbur
v.
Selden.

WILBUR, survivor of *Doremus, against* SELDEN, impleaded with *Richards,* survivors of *Ogden.*

An intermediate endorser of a promissory note, tho' he did not hold the note when it became due; yet must, in an action against a prior endorser, for the money paid by him, (the intermediate endorser) to a subsequent endorsee, to take up the note, prove a regular demand of payment and notice to the defendant, the same as in an ordinary action against an endorser.

The register of a deceased notary is not evidence of demand and notice on a promissory note, where the entries were made by his clerk, who is still alive; though he be gone out of the jurisdiction of the court, and cannot be found on diligent enquiry.

ASSUMPSIT by the plaintiff, an endorsee, against the defendants, endorsers of a promissory note. The declaration stated that the note was for $800, payable to *Canfield & Co. ;* by them endorsed to the defendants; by them to *Doremus & Wilbur,* (the latter of whom, as survivor of *Doremus,* is the plaintiff;) by them to *Bostwick & Sterling ;* and by them to the *Bank of New-York.* It then averred a demand of the makers, and notice of non-payment to all the endorsers, and a payment by the endorsers respectively, who were subsequent to the defendants.

The cause was tried at the *New-York* circuit, *March* 30*th,* 1824, before EDWARDS, C. Judge ; when, after proving the note paid and taken up as averred, one question was, whether demand of payment had been made, and notice given to the defendants.

To prove this, the notarial register of *John Wilkes,* the notary of the bank, was offered in evidence by the plaintiffs. All the entries in this book, were in the hand writing of one *Scott, Wilkes*' clerk, who transacted his business, and who had left the city of *New-York,* declaring that he was going to the back parts of *Pennsylvania,* and could not be found on diligent inquiry. The register was rejected by the judge.

The plaintiff then offered to prove what *Scott* had sworn to on the trial of an action before brought by *Doremus & Wilbur* against *Selden, Richards* and *Ogden,* to recover the sums which the former had paid to the holders of the note in question, in satisfaction of their liability as endors-

What one swore on a former trial cannot be given in evidence unless he be dead. That he is beyond reach of process of subpœna, and cannot be found on diligent enquiry, will not render such proof admissible.

To render what a witness swore on a former trial admissible, it must have been between the same parties, and the point in issue the same.

The words of the witness must be given; not what is supposed to be the substance of his testimony.

ers, and one of which sums was the amount now claimed. This evidence was objected to, but admitted by the judge.

*H. D. Sedgwick,* one of the counsel in the former cause, was then sworn for the plaintiff; and said he could not state with precision what *Scott* swore to, and could not recollect the phraseology of the witness. His testimony was therefore objected to; but the judge allowed him to state his recollection of the substance of what *Scott* swore to; and he produced his notes of *Scott's* testimony; but did not pretend that they contained *Scott's* exact words or phraseology.

The defendant excepted upon the above points; and the verdict being for the plaintiff, he now moved for a new trial.

*G. Griffin,* for the defendant. The testimony of Mr. *Sedgwick* should not have been received. The former trial was not between the same parties, or for the same cause of action; and it did not appear that *Scott* was dead. Nor could Mr. *Sedgwick* repeat the words or phraseology of *Scott.* (1 *Phil. Ev. last Am. ed.* 199, 200, and *note.* 17 *John.* 179. *Le Baron* v. *Crombie,* 14 *Mass. Rep.* 234. *Bull. N. P.* 243. 4 *T. R.* 290, *per Ld. Kenyon, C. J. Lightner* v. *Wike,* 4 *Serg. & Rawle's Rep.* 203.)

*R. Sedgwick* and *H. D. Sedgwick,* contra, denied that the plaintiff, being a subsequent endorser, and holding the note when it fell due, was bound to show a regular demand of payment and notice to a prior endorser. They said the most that can be required is, that he should shew notice to the party he means to charge, of having actually paid and taken up the note, within a reasonable time after so doing. In this case, the plaintiff seeking to recover only what he has paid, no notice whatever was necessary.

[They were proceeding to argue in support of these propositions; but *the Court* told them, the law was so well settled against them, that they could not sit to hear the argument.]

In support of the proposition that the evidence of what *Scott* had sworn, was admissible, especially in connexion with the record made by him in the notarial register, they cited *Sluby* v. *Champlin*, (4 *John. Rep.* 461;) *Cook* v. *Woodrow*, (5 *Cranch*, 13;) *Clark* v. *Sanderson*, (3 *Bin. Rep.* 192;) *Jackson* v. *Gager*, (5 *Cowen's Rep.* 383;) *Welch* v. *Barrett*, (15 *Mass. Rep.* 380;) *Halliday* v. *Martinet*, (20 *John. Rep.* 168;) and *Mayor of Doncaster* v. *Day*, (3 *Taunt.* 261.)

*Curia, per* SAVAGE, Ch. Justice. The only question is, as to the competency of the testimony objected to.

The books of a deceased notary have been received in evidence, when the entries were made by the notary himself; but when they are made by a clerk, the notary does not attest to them; and in that case the evidence of the clerk is higher. And indeed the book, unaccompanied by his testimony, would prove nothing. (20 *John.* 172-3, *and the cases there cited.*)

The rule as to admitting what a witness swore upon a former trial, is supposed to be this: That to render such testimony admissible, it must be between the same parties, and the point in issue the same; and the words of the witness must be given, not what is supposed to be the substance of his testimony. The witness must also be dead. (1 *Phil. Ev.* 215. *Bull. N. P.* 243. 4 *T. R.* 290. 14 *Mass. Rep.* 234. 4 *Serg. & Rawle's Rep.* 203.)

In this case, the parties are substantially the same; the cause of action is the same, and the point in issue the same. But the witness, *Scott*, is not dead. He is absent, in the state of *Pennsylvania*; and, possibly, upon inquiry there, he may be found, and examined upon commission.

It is urged by the plaintiff's counsel that the case is analogous to one of a subscribing witness to a bond, whose signature may be proved, if he be absent; and the proof of which establishes the execution of the bond, without proof of the signature of the obligor. That rule rests upon the presumption that the parties have selected the witness to

testify to the execution; and, therefore, proof of his signature, is proof that the bond was executed in his presence. The rule is certainly a very dangerous one; but too well established to be now controverted. (5 *Cranch*, 13. 3 *Bin*. 192. 4 *John*. 467.) It is not, however, at all analogous in principle to the one contended for in this case. No special confidence can be charged upon the defendants. They could not control the bank in the selection of its notary; nor the notary in the selection of his clerks. The witness, *Scott*, was never selected by the parties to testify between them; nor was he called to testify to their acts, but his own.

In *Le Baron* v. *Crombie*, (14 *Mass*. *Rep*. 36,) the supreme court of *Massachusetts* refused to hear what had been sworn to by a witness who, though naturally alive, was civilly dead, having been convicted of felony. They say the rule in *England* is limited to the case where the principal witness is dead. If, however, the death of the witness were not an indispensable circumstance, there is yet another difficulty. Mr. *Sedgwick* could not state the words of the absent witness; but only the substance of his testimony. He produced the notes which he took as counsel on the former trial; but whether he testified from these or from recollection, does not appear in the case. The rule laid down by Lord *Kenyon*, (4 *T. R.* 290,) is, that the words must be given, and not the effect of them; and the reason is, because the jury are to judge of the effect of the testimony, and not the witness. In *Lightner* v. *Wike*, (4 *Serg. & Rawle's Rep.* 203,) chief justice *Tilghman* shews, very satisfactorily, the reason of the rule; and also that notes of counsel should not be relied on, as it is not their practice to take the words, but the substance, as they understand it. And he remarks, that during a trial, the ideas of counsel pass through a medium which diverts them from a right line.

The case of *Doncaster* v. *Day*, (3 *Taunt*. 261,) does not contradict the rule, that the words must be given; but holds that they may be given from notes or memory, provided the accuracy be sworn to.

I am of opinion that this evidence was improperly admitted, and that a new trial should be granted.

New trial granted.