Judge Robertson,
delivered the opinion of the Court.
On an issue of non est factum, in an action of covenant by the plaintiffs against the defendants in error, the plaintiffs proved, that one of the subscribing witnesses to the covenant, (there being two,) was unknown, and it appeared by inspection, that his attestation was illegible. They also proved, that before the date of the writ, the other witness to the writing, had removed from the State to parts unknown; and that they had not only made diligent enquiry, but had sought for him in and out of the State, and had been unable to obtain any information as to his residence, or to find any person who was acquainted with his hand writing. They then offered to prove by other testimony, that the defendants had authorized an agent to sign the covenant for them, who, in pursuance of that authority, had subscribed their names to it. The court refused to admit this evidence: and whether, in this, it was right, is the only question for our consideration.
The opinion of the circuit Judge, is clearly erroneous. Before evidence of a secondary or inferior grade is admissible, the non-production of that of a higher degree of credit, must be satisfactorily accounted for. The reason is, that withholding fhe best evidence of which the case is susceptible, creates a strong presumption against the credibility of the fact, attempted to be proved.
C. S. Bibb, for plaintiffs.
But whenever the fact in issue, is not susceptible of better evidence than that offered, or if it be, a suffident apology can be made for not producing it, the reason of the rule entirely fails; and therefore, the rule itself does not apply. 1 Starkie, 388-90.
Hence, if a subscribing witness be ascertained to be dead, or for any other cause beyond the power of the court, proof of his hand writing is admissible; so if by interest, or otherwise, he be incompetent. Ib. 337.
These doctrines are understood, and admitted by all, who have any pretensions to learning in the science of the law.
If the death or absence, or incompetence of the subscribing witness will let in proof of his hand writing, why is not the rejected evidence in this case competent, after it is ascertained that it is impossible either to produce the witness or proof of his hand writing?
There can be no doubt that it is admissible; and this is demonstrated not only by the analogy and reason of the law, but by express authority. See 3 Binney, 192; 1 Hayw. 238. These are not authoritative decisions. But they are the opinions of intelligent courts on the common law of evidence; they are entitled to respect, and their influence should be decisive, as it is corroborated by reason without being perplexed by any opposing “dicta.”
If the signature of the witness be erased, or be not legible, his hand writing cannot be proved; and therefore, the next evidence in degree, may be introduced. 1 Starkie, 337. So if the witness cannot be found, after diligent search, his hand writing may be proved. Cook et als. vs. Woodrow; 5 Cranch, 13.
We would be at a loss to imagine stronger reasons for introducing inferior testimony, than those furnished in this case. Indeed it is not inferior in credibility or effect, but only in its legal grade.
The plaintiffs had done all that they could do; the law will require no more. Their testimony was legal, and ought to have been admitted.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.