## BROWNING v. FLANAGIN.

The issuing and return of writs, as part of the proceedings of the court, are
properly entered in the book of minutes of the court. *Held*, in an action
of escape against a sheriff, that the *ca. sa.*, having been lost, an abstract
(being a copy of the endorsement on the writ), with a copy of the return,
recorded in a supplemental book of minutes, called a "sealing docket,"
was sufficient secondary evidence of the writ.

Such book is an official register, which, its authenticity and character being
first shown, may be read in evidence without the oath of the officer by
whom the entries were made.

*Semble*, that other entries, not entitled to the character of an official register,
can only be read in evidence when aided by collateral proof. If alive
and not insane, the person by whom made must be produced to sustain
them by his oath.

The writ of *ca. sa.*, when proved, was accompanied by a return of *non est inven-
tus* by the sheriff against whom the action was brought. *Held*, that such
return did not conclude the plaintiff, who might still, on proof of the ar-
rest and escape, recover in this form of action, notwithstanding the return.

How far a sheriff's return is conclusive considered:

The defendant, in order to show that the judgment had been satisfied prior to
the issuing of the *ca. sa.*, produced a *fi. fa.*, issued on the same judgment,
with a return endorsed by a former sheriff, to whom such *fi. fa.* had been
directed and delivered, that "By virtue of the within writ, &c., I have
levied and sold of the personal property of the defendant to the amount
of $1400.60:" and also, that he had levied on certain specified land of the
defendant, &c., "subject to prior encumbrances, value which remains,
&c." *Held*, that the said former sheriff might be called to testify that
money in his hands, as well as the real estate mentioned in the return,
was subject to prior encumbrances and absorbed by prior executions, and
that no money was in fact made upon, and applicable to the said *fi. fa.*, no
record proof being made of such prior liens, by which it was said the
said money was absorbed. (CARPENTER, OGDEN, and PORTER dissented
on this point.)

---

Error to the Supreme Court.

This was an action of debt for an escape, brought by Flan-
agin against Browning, to recover the debt, interest, and costs
endorsed upon a *capias ad satisfaciendum* alleged to have

been issued and delivered to the defendant below for execution, while sheriff of the county of Gloucester.

The declaration set out a judgment in debt, recovered in 1834, by Flanagin against one Federal Champion, in Gloucester Pleas, the issuing thereon of several successive writs of *ca. sa.*, which were severally returned "not found," and the issuing of a writ called a second *pluries capias ad satisfaciendum*, directed and delivered to the defendant below, then sheriff of the said county, duly endorsed for $398.28 of debt, besides costs, &c.; an arrest of Champion by the defendant, and the escape.

The defendant pleaded *nil debet*, and the issue came on to be tried before Mr. Justice NEVIUS, in the county of Gloucester, at the May circuit, 1846, when a verdict was rendered for the plaintiff below, against the defendant, for $399.24, upon which final judgment was rendered in the Supreme Court. At the trial, exceptions were taken to the ruling of the judge, allowed and sealed.

It was proved on the trial, by the former clerk of the county, that there is now, and has been for more than one hundred years past, kept in the office of the clerk of Gloucester, a book of records, called the *sealing docket*, in which all writs returned by the sheriff were entered, together with the return of the sheriff. It was proved, by the attorney of the plaintiff below, that he issued a *pluries ca. sa.* in the suit of *Flanagin* v. *Champion*, and placed it in the hands of Browning, the defendant below, who was then sheriff of Gloucester. This writ was shown to be lost from the files of the court. And an entry in the sealing docket of the writ and return was offered in evidence by the plaintiff below, and admitted by the court, to the admission whereof the defendant below excepted. The entry was as follows : " *John Flanagin* v. *Federal Champion*, second *pluries ca. sa.*, in debt, Jeffries att'y—" Not found." J. P. Browning, sheriff." The plaintiff proved, by parol admissions of the defendant, that he had arrested the defendant in that execution, by virtue thereof, and by mistake had let him go, on receiving a common bail bond. The defendant proved, by the return of a previous sheriff to a previous execution against

lands and goods, on the same judgment, that personal property of the defendant had been levied upon and sold, to an amount much larger than sufficient to satisfy the judgment. The sheriff's return was as follows: " By virtue of the within writ, to me directed, I have levied and sold of the personal property of the defendant to the amount of $1400.60. Also have levied upon a tract of land in the township of Hamilton and Egg Harbor, adjoining lands of Wm. Treen, Daniel Baker and others, containing 512 acres more or less. Also a tract of land in Weymouth township, adjoining lands of E. Taylor and others, containing 50 acres more or less, subject to prior incumbrances, value one dollar, which remain, &c., with all other of his real and personal property in Gloucester county.

J. W. CALDWELL, <em>Sheriff.</em>"

The plaintiff below offered Sheriff Caldwell to prove, by parol only, that there were prior incumbrances on the property levied upon and sold to an amount greater than the whole proceeds of sale, and that no part of the proceeds was paid to Flanagin ; and that he intended the phrase " subject to prior incumbrances," to apply to the personal, as well as to the real estate. To the decision of the court, admitting this evidence, the defendant below excepted.

On these exceptions errors were assigned.

*A. Browning* (Att. Gen.), for plaintiff in error.

1. This is a penal action, and to be construed strictly. The whole sum due on the execution is recoverable, being in the nature of a penalty. Under the plea of *nil debet*, the plaintiff must show an existing judgment debt, the issuing of the writ, its delivery to the sheriff, &c. *Brown* v. *Genung*, 1 *Wend.* 115 ; *Brown* v. *Littlefield*, 7 *Wend.* 454 ; *Watson's Sheriff* 147, 149.

The plaintiff below produced the judgment, but failed to produce the writ ; and one exception arises from the mode by which it was attempted to meet the difficulty. The entry in the " sealing docket " was not of itself, or by the mere proof of the handwriting of the officer, sufficient to prove the contents of the writ, supposing ground to have been laid for secondary

evidence. The entry is no record, in the proper acceptation of the term, but a mere memorandum in a book, not required by law or necessary from the nature of the office. It is a book kept only for the convenience of the officer, and is not an official register in the nature of a record. Besides, the entry is irregular, and not made in accordance to the practice of the office. The clerk who made the entry was not called, and it was therefore admissible as a memorandum to refresh the memory. 1 *Greenl. Ev.* § 483, 496 ; 2 *Har.* 60 ; 7 *Halst.* 42 ; 8 *B. & C.* 813 ; 18 *Ves.* 443.

2. The plea put in issue the existence of the debt at the commencement of the action, and consequently any thing could be given in evidence under the plea which would show that the debt was then satisfied. The defendant below, to show that the judgment had been satisfied before the issuing of the *ca. sa.,* produced a *fi. fa.,* with a return endorsed thereon, showing that the sheriff had levied and sold property of the defendant to an amount beyond that of the judgment. Not only a sale, but even a levy, to an amount sufficient to satisfy the execution, will extinguish the judgment. 4 *Cow.* 65 ; 4 *Ib.* 417 ; 7 *Ib.* 21.

Exceptions arise from the attempt to avoid this levy and return. The former sheriff was not competent to deny or to explain his return. The construction was for the court. The return was conclusive, and if any error, application should have been made, in proper time, to the court to amend the return. The amount of the execution was made by the sheriff, and it was entirely immaterial whether paid over by him to the plaintiff in execution or not. *Coxe* 168 ; 17 *Mass.* 601 ; 10 *Ib.* 313 ; 9 *Mass.* 99 ; 4 *Ib.* 479.

3. But when a sheriff has returned a *ca. sa.* " not found," the return is conclusive, and debt for an escape will not lie. If the return is not true the remedy is an action for a false return. I have found but one case to the contrary (9 *Serg. & R.* 390), but this against settled principle. *Anon. Lofft.* 371 ; 3 *Har. Dig.* 6100 *(Phil.* 1846); 4 *Mass.* 479.

If the writ was duly proved, still it was accompanied by

proof of the return. The entry cannot be read for one purpose, and part of the same entry repudiated in order to serve another.

*W. N. Jeffers,* contra.

CARPENTER, J. At the trial the judgment was proved, the issuing of the writ by the attorney, &c. The writ, after search, not being found on the files, and sufficient ground, as supposed, having been shown to let in secondary evidence, the plaintiff below offered to prove its contents by an entry in a book, called " a sealing docket," kept in the clerk's office of the county of Gloucester. He proved that a book of this character had been kept in that office from before the revolution, one hundred years or more. That a memorandum of all writs issued and returned were entered by the clerk in this book. If issued by the clerk, the note, being a copy of the endorsement, with the number of the writ and the date when issued, was made before delivery to the sheriff; and his return, when made, was also copied into the book. Writs not issued by the clerk, and not in his hands till returned, were entered at the end of the other writs in the proper term, but without date. The entry in question was in the handwriting of the clerk, without date, and it was alleged, by the counsel of the defendant below, out of the usual order of making such entries. The then clerk, by whom the entry was made, was not produced to prove that it had been made by him in the regular course of duty in his office, or to prove any other circumstance in connection with it. He had, long previous to the trial, left the state, and was not within reach of the process of the court. The first exception arises from an objection, on the part of the defendant below, to the reading of this entry, as any proof of the contents of the writ or for any other purpose.

If a record, or other document in the nature of a record, is lost, after a proper foundation is laid, its contents may be proved, like any other document, by proper secondary evidence. No objection seems to arise from the fact, that a mere abstract of the writ, being a copy of the endorsement, was offered as evidence of the contents of the writ, though undoubtedly a complete copy would have been more satisfactory. In

a case where an assignment of tolls had been execûted, by way of mortgage, by a turnpike company, in an action by the personal representative of the mortgagee, after his death, it was held that after sufficient proof of the loss of .the mortgage, entries in a book of the company, endorsed " Mortgage book," containing an abstract of the names of the creditors, the amounts of their securities, and the interest due upon them, was good secondary evidence of such security. *Pardoe* v. *Price*, 13 *M. & W.* 267.

My first impressions as to this book, were to regard it, not in the light of an official register required by law, but as a mere memorandum of the writs issued from, and returned into the office. If kept by the clerk merely for his own convenience and security, and not because required by statute, or necessary, in any strict sense, from the nature of the office, it might, under some circumstances, be used in evidence, but upon a different principle than as offered in the present instance. It would have been admissible only as an entry, made at the time, according to the established practice of the office, by one having competent knowledge of, and no interest to mistake the matter recorded. Such entries have been frequently held admissible, when made at the time of the transaction by any one in the usual and regular course of professional or other duty, but only when aided by collateral proof. If the person by whom made be alive, even if beyond the jurisdiction of the court, he must be found, and his testimony produced, either personally or by deposition. It is only in case of his death that such entry can be read on proof of the handwriting. 1 *Greenl. Ev.* § 115; 1 *Stark. Ev.* 394, 396, &c.; *Poole* v. *Dicas*, 1 *Bing. N. C.* 649; *Welch* v. *Barrett*, 15 *Mass.* 380; *Nichols* v. *Webb*, 8 *Wheat.* 326; *Wilbur* v. *Selden*, 6 *Cow.* 162; *Cooper* v. *Marsden*, 1 *Esp.* 1.

In Massachusetts, insanity has been held equivalent to death. *Union Bank* v. *Knapp*, 3 *Pick.* 96, 106. Looking at the book in this light, I felt very unwilling to relax the rule, which is settled upon sound and safe principles.

But subsequent examination has placed the book in a very different light. An entry of every action commenced in court,

and of the issuing of every writ, is supposed to be made ; and so of the return by ministerial officers, of duty performed under each writ. Our own statutes give the clerk fees for making these entries, and I suppose they are in fact made in every county of the state with more or less accuracy, according to the intelligence and diligence of the officer. The original practice, still followed in some counties, was to make such entries in the minutes of the court, as part of its proceedings, and ordinarily at the close of each term to which the writs were respectively returned. In other counties, as a matter of convenience, the entries, in regard to the issuing and return of writs, have been transferred to a separate book, styled, as in the present instance, a " sealing docket," which thus became a supplemental book of minutes, in which so much of the proceedings of the court was recorded. In this light, it is rightly to be considered as a book of minutes, in which a portion of the proceedings of the court is recorded ; and, so far as regards such entries, strictly an *official* register. As such, the book from which the entry in question was offered on the trial, was properly admitted as evidence of itself, without the necessity of producing the officer who made the entries, or sustaining its authenticity by his oath. 1 *Greenl. Ev.* § 483, 484; 1 *Stark. Ev.* 228, 243, &c., (*Phil. ed.* 1842.) The alleged irregularity in regard to the entry, was a matter for the jury below, and the objection, if entitled to any weight, was one addressed to the credit, and not to the competency of the book.

To proceed to the subsequent exceptions. The entry, when given in evidence, showed a writ of *ca. sa.*, as set forth in the declaration, but it also showed a return by the sheriff, that the defendant was " not found." The defendant then insisted that this return was, in this action, conclusive upon the plaintiff; that his remedy should have been by an action for a false return ; and the plaintiff having rested, the counsel of the defendant moved for a nonsuit. The court overruled the objection, and the defendant again excepted.

It is true that such credence is given to a sheriff's return that in many cases no averment can be made to the contrary thereof, but such is far from being a general, much less an

universal rule. The return of a sheriff is nothing more or less than his answer under oath respecting the duty enjoined upon him by the writ, in order that the court may be informed of what was done in the premises. It is always, at least, *prima facie* evidence of the facts set forth in regard to that duty, when those facts come incidentally in question, even against third persons. 1 *Phil. Ev.* 391 (*Cow. ed.*); *Gifford* v. *Woodgate*, 11 *East* 297 ; *Browning* v. *Hanford*, 7 *Hill* 120.

It is said that generally there can be no averment in the same action against the sheriff's return ; and it seems to be conclusive in all questions that can arise between debtor and creditor, and any person claiming under either of them. Thus, in case of title set up under judgment and execution, the sheriff's return is doubtless conclusive as to the effect of the execution in favor of a purchaser. So a defendant returned " summoned," or the like, cannot aver to the contrary in the same action, though in an action against the sheriff he may show the return to be false. So the same effect is given to the return against those who stand in the place of the defendant, as in the case of bail or other sureties, though it is said that, in some cases, a defendant may have an averment which stands with a return, but avoids its effect. See *Watson's Sheriff* 73 ; *Vin. Abr. tit. " Return "* (*O*); *Slayton* v. *Inhabitants of Chester*, 4 *Mass.* 478 ; *Whitaker* v. *Sumner*, 7 *Pick.* 555 ; *Bates* v. *Willard*, 10 *Metc.* 80 ; *Botts* v. *Burnell*, 9 *Mass.* 98 ; *S. C.* 11 *Ib.* 165 ; *Bean* v. *Parke*, 17 *Mass.* 591 ; *Chapman* v. *Cumming*, 2 *Har.* 11.

The sheriff himself is generally concluded by his own return, when set up by a party that may claim any thing under it, so that he cannot contradict it by parol evidence. If not according to the facts of the case, he must take care, for his own protection, to apply in due time to amend. *Paxston* v. *Stackel*, 2 *Barr.* 93 ; *Baker* v. *McDuffie*, 23 *Wend.* 289 ; *Gardner* v. *Hosmer*, 6 *Mass.* 325 ; *Boynton* v. *Willard*, 10 *Pick.* 169.

But upon what principle can the sheriff's return be held conclusive in the present action ? No ground of policy, no legal principle, seems to call for the application of the rule in the present instance. The sheriff's return is not any part of the case upon

which the action is founded, and the arrest is not necessarily proved thereby. Indeed policy strongly demands that the sheriff should not be permitted to set up his own return as conclusive evidence in his own favor. A right of action accrued to the plaintiff below upon the escape or discharge of the defendant in execution, and suit might in such case be brought immediately. It would be far from expedient to permit the sheriff to destroy the right to recover in an action so brought, and defeat the plaintiff by making a subsequent false return upon his writ. There are at least two cases in which a recovery was had against the sheriff in the present form of action after a return by him of *non est inventus*, and in neither was this point mooted by the counsel or adverted to by the court. *Wheeler* v. *Hambright*, 9 *Serg. & Rawle* 390 ; *Blatch* v. *Archer, Cowp.* 63. In the latter case, the return *non est*, in the handwriting of the sheriff, was relied upon by counsel as proof of the delivery of the writ, and held sufficient for that purpose by the court. There was certainly no error in the ruling of the court upon this exception.

The defendant then opened his defence, and read in evidence a *fi. fa. de bonis et terris*, issued upon the said judgment of Flanagin against Champion, and also the return of J. W. C., esq., then sheriff. The said writ was endorsed for $392.32, besides costs, interest, &c., and was returnable to the term of October, 1834, prior to the issuing of the *ca. sa.* The writ and return were offered to show that the judgment had been extinguished by levy and sale of the property of the defendant in execution. If the judgment had been thus satisfied, it is very clear that no action could be maintained against a succeeding sheriff on a *ca. sa.* subsequently issued on the same judgment. If the sum due on the *fi. fa.* had been levied and made by the sheriff, or otherwise received by him, the judgment was satisfied, although never paid over by the officer to the plaintiff in execution.

The return of the sheriff to the *fi. fa.*, endorsed on the writ, and signed, was, that "By virtue of the within writ, &c., I have levied and sold of the personal property of the defendant to the amount of $1400.60 ; " and also, that he had levied on

certain specified land of the defendant, &c., "subject to prior encumbrances, value one dollar, which remain," &c. The plaintiff then called the said former sheriff, J. W. C., to explain the return upon the *fi. fa.*, and to prove that the money in his hands, as well as the real estate mentioned in the said return, was subject to prior encumbrances and absorbed by prior executions, and that no money, in fact, was made upon, and applicable to the execution of Flanagin against Champion. This evidence was objected to, but admitted. The former sheriff testified that the words in the return, " subject to prior encumbrances, value one dollar," applied as well to the sum mentioned ($1400.60) as to the real estate therein mentioned, and that he paid no part of the money raised on the *fi. fa.* to Flanagin, or to his order. The admission of this testimony forms the ground of the further bills of exception taken on the part of the defendant below.

The sheriff is liable, in an action of debt, for an escape upon final process for the whole sum due by the defendant in execution, debt, interest, and costs ; in other words, he stands in the place of the original debtor. But he is liable no further. If the original judgment is satisfied, the sheriff cannot also be held liable in this action. An unsatisfied judgment is necessary to maintain the action. If a levy before sale be but a satisfaction *sub modo*, yet a levy and sale, to the amount of the judgment and execution, undoubtedly extinguishes the judgment, even although the proceeds never reach the hands of the plaintiff. *Clerk* v. *Withers*, 1 *Salk*. 322 ; *S. C.* 2 *Ld. Raym*. 1072 ; *Wood* v. *Torrey*, 6 *Wend*. 562 ; *Greene* v. *Burke*, 23 *Wend*. 490, 496 ; *People* v. *Hopson*, 1 *Denio* 578.

The return was at least *prima facie* evidence that the money had been raised on the *fi. fa.*, and the judgment thereby satisfied. So in express words, as it seems to me, is the return made by the sheriff, to which, until contradicted by some competent evidence, credence will be given, as the official act of a public officer.

It is nothing to the contrary that the sum raised by the sheriff, as appears by the return, was much greater than the amount endorsed on the execution. It will certainly appear to

any one as very probable, independently of the testimony in the case, that the sheriff had other executions in his hands at the same time, to which this money, or some of it, was applicable, and that he did not, without other protection, expose himself to the consequences of a levy and sale to an amount so far beyond the authority contained in this writ; still, if I apprehend rightly the effect of this return, a satisfaction is not the less shown, unless that effect is avoided by some competent evidence to the contrary.

The evidence offered to contradict this return, or rather to avoid its effect by showing a collateral fact, to wit, the existence of a prior judgment and execution, to which the money raised by the levy and sale was applicable, and by which it was absorbed, was parol only. No offer was made to prove the existence of such prior lien by the production of the record, the attempt was to prove it by the testimony of the officer only. The mere fact, that the money raised by the sale had not been paid over to the plaintiff in execution, was immaterial. It could only become material when connected with proof of the existence of a prior lien to which the sheriff was authorized to appropriate the money, and which justified him in withholding it from the plaintiff. The existence of such prior lien was a matter of record, and could only be proved by the record. Its production was in the highest degree important. When produced, possibly it might be found irregular and void, and those to be affected by it ought not to be concluded by the opinion (perhaps the mistaken opinion) of the sheriff. 1 *Greenl. Ev.* § 86 ; *Scott* v. *Clare*, 3 *Campb.* 236.

The evidence of the sheriff was certainly incompetent, so far as it was offered to explain the meaning of his language used in the return. The construction of written instruments is for the court. But taking the suggestion, that the words in the return, " which remain, &c., subject to prior encumbrances, value one dollar," to relate as well to the money raised, $1400.60, as to the real estate simply levied on, and which then still remained unsold, the same difficulty occurs. The return contains a distinct statement by the officer, that he had received more than sufficient to discharge this execution, subject to any

proper claim by virtue of a prior lien. There is no certificate by him that such prior lien or encumbrance did in fact exist, much less that he had appropriated this money to its discharge. The return then shows, *prima facie*, that this execution and the judgment were satisfied by levy and sale, and the money must be taken to be in the hands of the sheriff for that purpose until the alleged prior liens are shown by competent proof, which, it seems to me, must be by the record. Even if the return had certified the existence of such prior liens, it may be very doubtful if it would have been sufficient evidence for the present purpose. The return of the sheriff is undoubtedly *prima facie* evidence of his own official acts under and by virtue of the writ, but I am unable to understand how it can be evidence of a collateral fact, such as the existence of a prior judgment and execution.

Upon the last point, I am of the opinion that the judgment ought to be reversed.

Justice OGDEN and Judge PORTER concurred in the opinion delivered by CARPENTER, J.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, Justice RANDOLPH, and Judges SPEER, SCHENCK, and McCARTER.

Judgment affirmed.