[Civil No. 745. Filed March 21, 1901.]

[64 Pac. 443.]

## PHŒNIX WHOLESALE MEAT COMPANY, Defendant and Appellant, v. F. B. MOSS, Plaintiff and Appellee.

1. APPEAL AND ERROR — SUPREME COURT — JURISDICTION—AMOUNT INVOLVED—RECOVERY—REV. STATS. ARIZ. 1887, PAR. 593, CITED.— Under the statute, *supra,* providing that the supreme court shall have jurisdiction to review upon appeal a judgment in an action or proceeding commenced in the district courts when the matter in dispute exceeds two hundred dollars, an appeal by the defendant from a judgment in favor of plaintiff for one hundred and thirty-four dollars, though suit was brought for three hundred and twenty-four dollars, will not lie, the defendant seeking no affirmative relief.

2. SAME — SAME — SAME — SAME—TAXATION—PAYING INSPECTOR FOR TAGGING HIDES NOT—REV. STATS. ARIZ. 1887, PARS. 592, 593, AND LAWS ARIZ. 1897, ACT NO. 6, SEC. 39, CITED.—Paragraphs 592 and

593, *supra,* provide for appeal to the supreme court from a district court when the amount in controversy exceeds one hundred dollars, when the legality of any tax, toll. impost, or municipal fine is in question, or the amount in controversy exceeds two hundred dollars.    Act No. 6, section 39, *supra,* makes it the duty of the inspector to inspect all animals slaughtered for sale in his district and place a tag on every hide so inspected, for which inspection the butcher must pay twenty-five cents a hide.    An appeal will not lie on behalf of defendant from a judgment for one hundred and thirty-four dollars for inspections made, as the services required are intended    for the protection both of the butcher and the public, and the fees cannot be considered either a tax, toll, impost, or municipal fine.

COMPARE:    *History Co.* v. *Dougherty,* 3 Ariz. 387, 29 Pac. 649.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.    Appeal dismissed.

Thomas Armstrong, Jr., for Appellant.

C. F. Ainsworth, for Appellee.

DAVIS, J.—On the seventh day of November, 1899, F. B. Moss brought an action in the district court of Maricopa County against the Phœnix Wholesale Meat Company, a domestic corporation, to recover the sum of $324, as statutory compensation alleged to be due him for services as a livestock inspector in the inspection and tagging of 1,296 hides from animals slaughtered by the defendant company between the dates of March 27 and September 1, 1899.    The defendant filed no counterclaim, and asked no affirmative relief.    The cause was tried before a jury, which returned a verdict in the plaintiff's favor for the sum of $134.    The court rendered a judgment upon the verdict, and the defendant seeks to have it reviewed upon appeal.

It is objected to our consideration of the appeal that the amount involved is not sufficient to bring it within the jurisdiction of the supreme court.    The action was commenced in the district court.    It can be reviewed here (1) if "the matter in dispute exceeds $200"; or (2) if "the legality of any tax, toll, or impost, or municipal fine is in question."    Rev. Stats., pars. 592, 593.    It must be obvious that, as to the defendant, the "matter in dispute" here is the exact amount of the recov-

ery against him in the lower court. On his part there is nothing in controversy, so far as the amount is concerned, beyond the sum for which the judgment was given, and that is not sufficient to entitle him to an appeal to this court. It was held by the supreme court of the United States in *Hilton* v. *Dickinson,* 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688, involving a similar question, that on an appeal by the defendant the sum of the judgment against him governs the jurisdiction when no affirmative relief is asked. Mr. Chief Justice Waite, in delivering the opinion of the court in that case, said: "It has always been assumed, since *Cooke* v. *Woodrow* (5 Cranch, 13, 3 L. Ed. 22), that when a defendant brought a case here *the judgment or decree against him governed our jurisdiction,* unless he had asked affirmative relief which was denied; and this because, as to him, jurisdiction depended on the matter in dispute here. If the original demand against him was for more than our jurisdictional limit, and the recovery for less, the record would show that he had been successful below as to a part of his claim, and that his object in bringing the case here was not to secure what he had already got, but to get more. As to him, therefore, the established rule is that, unless the additional amount asked for is as much as our jurisdiction requires, we cannot review the case."

It cannot be contended that the action at bar involves any question of the legality of a "tax, toll, or impost, or municipal fine." The plaintiff's recovery was in the nature of fees or compensation allowed to him as a public officer for the performance of a duty required by law. The statute which imposes upon the live-stock inspector that duty also provides that he "shall receive as compensation therefor the sum of twenty-five cents for each hide of horned or neat cattle inspected or tagged, to be paid by such butcher." Sec. 39, act No. 6, Laws 1897. The service required by this statute to be performed was intended for the protection both of the butcher and the public, and its reasonable recompense can in no just sense be considered either a tax, toll, impost, or municipal fine. We have, therefore, no jurisdiction over the matter in dispute in this case, and the appeal will be dismissed.

Sloan, J., and Doan, J., concur.